# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREEMAN MAY,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:12-2572 |
| v. | : | (MANNION, J.) |
| **JOHN E. WETZEL,** Secretary Designee, Pennsylvania Department of Corrections; **LOUIS FOLINO,** Superintendent of the State Correctional Institution at Greene; and **MARIROSA LAMAS,** Superintendent of the State Correctional Institution at Rockview, | : : : : : : | (THIS IS A CAPITAL CASE) |
| Respondents | : : | |

# **MEMORANDUM**

Before the court is a motion to stay these federal proceedings, filed by Respondent John E. Wetzel, et.al., and concurred in by Petitioner Freeman May, a convicted Pennsylvania state prisoner. (Doc. No. 20.) For the reasons that follow, the motion to stay (Doc. No. 20) will be denied, the federal stay of execution (Doc. No. 8) will be lifted, on February 28, 2014[1], and the matter will be dismissed without prejudice to re-filing once the Petitioner has properly exhausted his state court remedies.

---

[1]The court will leave the existing federal stay in place until February 28, 2014, in order to allow the Petitioner sufficient time to move for a stay of execution in the Pennsylvania PCRA court in which his case is currently pending, in case he has not yet done so.

I.     **Background**

Petitioner was first convicted and sentenced to death in March 1991 in the Court of Common Pleas of Lebanon County, Pennsylvania. On direct appeal, the Pennsylvania Supreme Court affirmed the conviction but vacated the death sentence and remanded it for a new sentencing trial. Commonwealth v. May, 656 A.2d 1335 (Pa. 1995). Following a second sentencing trial in December 1995, Petitioner was again sentenced to death. Commonwealth v. May, 710 A.2d 44 (Pa. 1998). The Pennsylvania Supreme Court affirmed the sentence on direct appeal. Id. Petitioner then sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), see 42 Pa. Cons. Stat. Ann. §§9541 et seq. In May 2006, the Pennsylvania Supreme Court affirmed his conviction, but vacated Petitioner's sentence and ordered a third sentencing trial. Commonwealth v. May, 889 A.2d 559 (Pa. 2006). In October 2008, Petitioner was again sentenced to death in the Lebanon County Court. Commonwealth v. May, 31 A.3d 668 (Pa. 2011). On November 23, 2011, the Pennsylvania Supreme Court affirmed Petitioner's sentence. Id. Petitioner's timely petition for certiorari review was denied on October 1, 2012. May v. Pennsylvania, 133 S. Ct. 190 (2012).

On December 20, 2012, Petitioner filed in this court a motion for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel. (Doc. No. 1.) On January 3, 2013, the court granted the motion, (Doc. No. 3), and issued a scheduling order directing Petitioner to file a

petition for habeas corpus relief on or before July 1, 2013, (Doc. No. 2).[2] By order dated January 23, 2013, Petitioner's motion for a stay of execution was granted. (Doc. No. 8.)

Before his habeas petition was due, Petitioner requested two extensions of time in which to file the petition, (Doc. Nos. 9, 14), which were granted, (Doc. Nos. 10, 16), respectively. Thereafter, Petitioner filed his habeas petition on September 13, 2013. (Doc. No. 17.) On that same date, Petitioner requested an extension of time in which to file his memorandum of law in support of his habeas petition. (Doc. No. 18.) By order dated September 13, 2013, the court granted that motion. The supporting memorandum was due on or before November 12, 2013. (Doc. No. 19.)

On October 16, 2013, Respondent filed the instant motion to stay the federal proceedings in order to permit Petitioner to properly exhaust his state court remedies. (Doc. No. 20.) In this motion, Respondent informs the court that Petitioner is also the subject of a new PCRA petition timely filed in state court on or about August 19, 2013. (Id.) On September 25, 2013, the state trial court provided Petitioner with sixty (60) days from that date to file an amended PCRA petition. (Id.)

On November 8, 2013, counsel for the Petitioner filed a status report, (Doc. No. 21), with the court. In this report, counsel indicated its concurrence

---

[2] This case was originally assigned to the Honorable Robert D. Mariani. By verbal order issued on January 7, 2013, the case was reassigned to the undersigned.

in the Respondent's motion to stay and indicated that, in light of the motion to stay, it did not intend to file its memorandum of law in support of its habeas petition on November 12, 2013, as previously ordered unless otherwise directed to do so by the court.

Based on Respondent's representation that his case has yet to proceed beyond the State PCRA court, the court will address here not only Respondent's motion for a stay of proceedings, but also revisit the need for a federal stay of execution. For the reasons that follow, the court will deny the motion to stay these proceedings, will lift the previously imposed federal stay of execution, and dismiss the habeas petition without prejudice.

## II.    Discussion

### A.    Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

A petitioner filing for relief under the federal Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. §2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition. Pursuant to §2254(b)(1)(A), the petitioner must give the state courts an opportunity to review allegations of error before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must have the first opportunity to decide a petitioner's claims).

AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. §1154(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. §2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 525 (2003). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2); see also Pace v. Diguglielmo, 544 U.S. 408 (2005).

Under Pennsylvania's Post-Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 Pa. Cons. Stat. §9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. Id. §9545(b)(3).

### B.   May's Petition

Although courts may enter stays to permit petitioners to exhaust state post-conviction proceedings, the United States Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] purpose. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Rhines v. Weber, 544 U.S. 269, 277 (2005). Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-78; Heleva v. Brooks, 581 F.3d 187, 190 (3d Cir. 2009).

Unlike Rhines and Heleva, in the case at bar, there is little concern denying the stay in this matter will in any way prejudice Petitioner's ability to seek federal habeas relief. The statute of limitations on Petitioner's federal and state post-conviction proceedings began to run on October 1, 2012. On August 19, 2013, Petitioner filed a petition for PCRA relief in the Court of Common Pleas of Lebanon County. See Commonwealth v. May, CP-38-CR-0000071-1990, Criminal Docket Sheet. Thus, the filing of Petitioner's PCRA petition tolled the one-year limitation period. 28 U.S.C. §2244(d)(2). Therefore, once Petitioner properly exhausts his claims through the PCRA process, he will still have 42 days remaining on his one-year limitation period in which to file a timely habeas petition. Because there is no real danger that denying the stay of proceedings on Petitioner's federal petition will result in his federal claims becoming time barred, the court will deny the motion for a stay of these federal proceedings.

### C.   Stay of Execution

On January 9, 2013, Governor Tom Corbett signed a warrant for the execution of Petitioner, scheduling his execution for March 5, 2013. (Doc. No. 4.) On January 23, 2013, this court granted Petitioner's motion to stay the execution. (Doc. No. 8.) Petitioner's execution date has lapsed,[3] and his

---

[3] Pursuant to 61 Pa. Cons. Stat. Ann. §4302,

(a) Time. - -

execution is no longer imminent, because the original execution warrant has expired and no new warrant has been issued. While the court recognizes that Pennsylvania law requires the reissuance of the warrant upon vacation of the federal stay, it also permits the Pennsylvania courts to grant another stay for post-conviction purposes upon a finding that "the petitioner makes a strong showing of likelihood of success on the merits." 42 Pa. Cons. Stat. §9545(c)(2). Thus, upon renewal of the execution warrant, Petitioner may file a motion to stay the execution in the PCRA court, where the case correctly belongs at this stage of the proceedings.

### III.  Conclusion

Because Petitioner is afforded sufficient time to return to this court after he properly exhausts his state court remedies, the Respondent has failed to

---

(1) After the receipt of the record pursuant to 42 Pa.C.S. §9711(I) (relating to sentencing procedure for murder of the first degree), unless a pardon or commutation has been issued, the Governor shall, within 90 days, issue a warrant specifying a day for execution which shall be no later than 60 days after the date the warrant is signed.

(2) If, because of a reprieve or a judicial stay of the execution, the date of execution passes without imposition of the death penalty, unless a pardon or commutation has been issued, the Governor shall, within 30 days after receiving notice of the termination of the reprieve or the judicial stay, reissue a warrant specifying a day for execution which shall be no later than 60 days after the date of reissuance of the warrant.

satisfy the good cause requirement under Rhines for the issuance of a federal stay and abeyance order in this case. Consequently, the court will deny the instant motion to stay. Additionally, Petitioner's stay of execution will be lifted on February 28, 2014, and his petition for writ of habeas corpus will be dismissed without prejudice to his right to re-file a petition once he has properly exhausted his state courts remedies.

A certificate of appealability will not issue. An order consistent with this memorandum will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 30, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-2572-01.wpd